IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DAVID HARMAN, | : | CIVIL ACTION NO. **3:CV-14-2014** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| PENNSYLVANIA POWER AND | : | |
| LIGHT COMPANY, | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On October 17, 2014, James David Harman ("Harman") filed this action against Pennsylvania Power and Light Company ("PPL"). (Doc. 1). Harman is proceeding *pro se*. The complaint was served upon PPL and it filed a motion to dismiss on November 13, 2014. (Doc. 6).

On January 6, 2015, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that PPL's motion to dismiss (Doc. 6) be granted, and that Harman's complaint be dismissed without prejudice to the Plaintiff attempting to amend his complaint to state a claim upon which relief may be granted in federal court by including proper allegations against appropriate party-defendants that meet the requirements of federal law. (Doc. 13).

By Order of February 10, 2015, the District Court adopted the Report and Recommendation, dismissed the complaint without prejudice, and afforded Harman twenty-one (21) days to file an amended complaint to cure the defects identified in the Doc. 14 Report and Recommendation.  (Doc. 15).  The Doc. 15 Order advised Harman that his failure to timely file an amended complaint would result in dismissal of the complaint with prejudice.  The matter was then remanded to Magistrate Judge Carlson for further proceedings.   On February 12, 2015, the above-captioned action was referred to the undersigned for pretrial disposition.

The time in which Harman was to have filed his amended complaint has expired.  Harman has neither filed his amended complaint nor requested an extension of time in which to do so.

## II.  Discussion.

Federal Rule of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1959 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims ...  in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim

2

founded on a separate transaction or occurrence . . .  must be stated in a separate count . . . " Fed.R.Civ.P. 10(b).

Harman's original complaint clearly did not meet the requirements of the Federal Rules of Civil Procedure as detailed in Magistrate Judge Carlson's January 12, 2015 Report and Recommendation. (Doc. 14).

As stated, Harman was afforded twenty-one (21) days from the date of the District Court's February 10, 2015 Order to file his amended complaint. (Doc. 15). Harman was directed to file an amended complaint to cure the defects identified in the Doc. 14 Report and Recommendation.  Additionally, as stated, Harman was warned that his failure to comply with the February 10, 2015 Order would result in dismissal of his complaint with prejudice.  (Doc. 15).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added).  In the instant case, Harman has failed to both prosecute his action and to comply with the Order of this Court by his failure to timely file his amended complaint.  We shall recommend that this case be dismissed due to Harman's failure to prosecute it and due to his failure to comply with this Court's Order.  Harman should be deemed as abandoning his action.  *See McCray v. Dauphin*

*Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Harman's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984) is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Harman has taken no action with respect to his case since he filed his brief in opposition to PPL's motion to dismiss on December 1, 2014, over three (3) months ago.  Harman's behavior constitutes a wilful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case but made efforts to comply with this Court's February 10, 2015 Order.  We find that Harman's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).  The consequences of Harman's failure to prosecute his case were clearly stated in the

4

Court's February 10, 2015 Order, namely, his complaint would be dismissed with

prejudice. (Doc. 15). *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated

that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the plaintiff

fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747
> F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether
> dismissal of the action is appropriate in this case. The *Poulis* factors
> the Court should consider are: (1) the extent of the party's personal
> responsibility; (2) the prejudice to the adversary caused  by the failure
> to meet scheduling orders and respond to discovery; (3) a history of
> dilatoriness; (4) whether the conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness of sanctions other than
> dismissal, which entails an analysis of alternative sanctions; and (6)
> the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's
> dilatoriness outweighs any of the other considerations set forth in
> *Poulis,* and that Plaintiff's failure to comply with the Order of May
> 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her
> inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors.

We find Harman's stated conduct in delaying his case to be attributable to him

personally.  He was required to have filed his amended complaint by

March 4, 2015.  We, *sua sponte,* afforded Harman additional time within which to comply with the February 10, 2015 Order.  He has filed nothing in response to the stated Order, and he has not notified the Court that he intends to pursue his action.

We find that Harman has caused prejudice to PPL as it has been named in a federal lawsuit for which it is required to defend.  While Harman does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his October 2014 case is nonetheless evidence of dilatoriness, especially since this case cannot proceed without his compliance with the February 10, 2015 Order.

Based on our discussion above, we find that Harman's conduct is wilful, as he has filed nothing with the Court in more than three months, he has failed to respond to the February 10, 2015 Order, and he has not contacted the Court to explain why he has failed to comply with the Order.   Harman has been forewarned that his failure to comply with the February 10, 2015 Order will result in the dismissal of his complaint with prejudice.  As stated, this case cannot proceed without his compliance with the February 10, 2015 Order.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case with prejudice and that Harman's failure to comply with the Court's February 10, 2015 Order demonstrates he has abandoned his case.

## III.  Recommendation.

Based on the foregoing, it is respectfully recommended that the action be dismissed with prejudice on the basis of Harman's failure to comply with the Court's February 10, 2015 Order.  It is also recommended that Harman's case be dismissed with prejudice on the basis of his failure to prosecute his action.


*S/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: March 6, 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DAVID HARMAN, | : | CIVIL ACTION NO. **3:CV-14-2014** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| PENNSYLVANIA POWER AND | : | |
| LIGHT COMPANY, | : | |
| | : | |
| Defendant | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 6, 2015.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                        s/ *Joseph F. Saporito, Jr.*
                                        **JOSEPH F. SAPORITO, JR.**
                                        **United States Magistrate Judge**


**Dated: March 6, 2015**